IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Minnesota Life Insurance Company, | ) | C/A No.: 0:11-681-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Mary K. Mungo, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.    Factual and Procedural History

The defendant, Mary Mungo, filed her complaint in the underlying class action on January 24, 2011 in the Lancaster County Court of Common Pleas.  It was then removed to this court on February 25, 2011.  (Mungo v. Minnesota Life Ins. Co. and Founders Fed. Credit Union, 0:11-464-JFA).  One of the defendants in the underlying case, Minnesota Life Insurance Company ("MLIC"), filed this action to compel arbitration of the underlying action pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, on March 21, 2011.  MLIC later amended the complaint on April 1, 2011.  The other defendant in the underlying action, Founders Federal Credit Union ("Founders"), did not join MLIC as a party to the arbitration action.

The arbitration agreement that MLIC seeks to enforce is found in an Account Services Booklet published by Founders.  MLIC does not have an independent arbitration agreement with Mungo.  MLIC claims that Mungo agreed to be bound by the Founders arbitration agreement when she signed four documents called "Membership Application and

Account Card."

This case is before the court pursuant to Defendant Mungo's motion to dismiss the amended complaint. (ECF No. 11).[1]  She alleges that the court lacks diversity because MLIC failed to join Founders.  She also alleges that MLIC has failed to state a claim upon which relief may be granted.  This matter has been fully briefed, and the court heard arguments at a May 24, 2011 hearing where the court took the matter under advisement.

## II.    Analysis

First, the court must decide whether it has jurisdiction over this action.  To do so, it must determine if Founders is a necessary party.  As the caption of this action now reads, diversity of citizenship exists among the parties, and the court has jurisdiction under 28 U.S.C. § 1332(a).  Mungo is a citizen of South Carolina, and MLIC is a citizen of Minnesota.  In Mungo's Motion to Remand in the underlying case, the court determined that Founders is a citizen of South Carolina for diversity purposes.  Therefore, a decision that Founders is a necessary and indispensable party to the arbitration action will destroy diversity.

MLIC filed this action to compel arbitration under the Federal Arbitration Act pursuant to 9 U.S.C. § 4.[2]  "Section 4 provides for an order compelling arbitration only

_____

[1]  The defendant filed a motion to dismiss the original complaint (ECF No. 7) and then later filed a motion to dismiss the amended complaint (ECF No.11).  The court will rule on the latter and assume that the former is now moot.

[2]  Mungo makes a brief argument that this action is procedurally improper and MLIC should have instead raised its arbitration claim as a compulsory counter-claim in the underlying

when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 26 n. 32, 103 S.C.t 927 (1983). The addition of Founders to this action would destroy diversity, but MLIC maintains that it is seeking to arbitrate only those claims that Mungo has against MLIC, not her claims against Founders.

However, Mungo contends that the court must "look through" to the underlying action, and because there is a non-diverse defendant in that case (Founders), there can be no diversity jurisdiction in this action. Mungo relies heavily on the Vaden case for her contention, and both parties discuss the case at length in their briefs. Vaden v. Discover Bank, – U.S. –, 129 S.Ct. 1262 (2009). MLIC argues that the Vaden decision is limited to cases involving federal question jurisdiction and insists that it does not alter the rule established in Moses Cone. In the absence of clear authority instructing this court to follow the reasoning in Vaden and because diversity jurisdiction was not at issue in that case, the court declines to base its analysis of the instant motion on that decision.

Mungo argues that even if the court does not "look through" to the citizenship of the parties in the underlying action, the court is still lacking jurisdiction because Founders is a necessary and indispensable non-diverse party that destroys diversity jurisdiction. Mungo bears the burden of proof and must show that prejudice "will certainly result." Am. Gen.

---

action. However, it is clear that 9 U.S.C. § 4 authorizes a party to file a separate action to compel arbitration.

Life & Accident Ins. Co. v. Wood, 429 F.3d 83 (4th Cir. 2005); Owens-Illinois, Inc. v. Meade, 186 F.3d 435 (4th Cir. 1999).  The court must engage in a two-step inquiry to determine if a party is necessary under Fed. R. Civ. P. Rule 19(a).  If the court determines that it is necessary, it will be ordered into the action.  If the party cannot be joined because its joinder will destroy diversity jurisdiction, the court must then decide if the party is indispensable under Fed. R. Civ. P. Rule 19(b).

Rule 19(a) describes a party as "necessary" if: (1) in the party's absence, complete relief cannot be accorded among the existing parties; (2) that party claims an interest relating to the subject of the action and is so situated that disposing of the action in the party's absence may impair the party's ability to protect the interest or leave an existing party subject to a substantial risk of incurring multiple or inconsistent obligations.

MLIC argues that Founders is not a necessary party because MLIC is attempting to arbitrate only the claims that Mungo has against it.  It cites several cases that support the proposition that a non-signatory to an arbitration agreement can compel arbitration in certain circumstances.  Additionally, Founders indicated to the court at the hearing that it had no position on this motion.

Although it may be MLIC's intention to arbitrate only the claims Mungo has against it, any arbitration would turn on the interpretation of Founders' documents.  Both Founders and MLIC have asserted in the underlying action that Mungo's claims are subject to arbitration.  Now in a separate action, MLIC is seeking to enforce the arbitration agreement

written by Founders.  Further, MLIC asserted in its amended complaint that each of "Defendant Mungo's claims against MLIC is inextricably intertwined with the claims against Founders." (ECF No. 5, Amended Complaint).  It appears inconsistent for MLIC in its amended complaint to describe Mungo's claims against it and Founders as "inextricably intertwined" and then argue with respect to this motion that Founders is not a necessary party, all the while attempting to benefit from its arbitration agreement.  The court finds that complete relief cannot be accorded among the parties in Founders' absence, and, therefore, Founders is a necessary party to this action.

Next, the court must determine if Founders is an indispensable party.  If a party is a necessary party but cannot be joined without destroying jurisdiction, the court must decide whether the case should go forward among the existing parties or be dismissed.  Rule 19(b), which lists four factors for the court to consider when deciding whether a party is indispensable:  (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

MLIC insists that it is seeking to compel only Mungo's claims against it.  MLIC also argues that if Mungo is forced to arbitrate her claims against MLIC and litigate her claims with Founders in another forum, she will not be subject to possibly incurring double

liability. Further, MLIC notes that the Fourth Circuit has found that parties are not indispensable simply because they are joint tortfeasors. <u>Williford v. Armstrong World Indus., Inc.</u>, 715 F.2d 124 (4th Cir. 1983).

Mungo argues that Founders is an indispensable party to an action that seeks to interpret Founders' documents and arbitrate claims that are "inextricably intertwined" with those against Founders. Mungo alleges that it will be prejudiced if she has to go forward with her claims in two forums, particularly because the parties appear to agree that the claims at issue are very much interrelated. Further, she asserts that MLIC has not alleged any possible prejudice if the action is dismissed.

The court agrees with Mungo and finds that Founders is an indispensable party, and the action must be dismissed. Mungo will be prejudiced if she is required to litigate her claims in two different forums, each of which would be interpreting the same documents and hearing from the same witnesses. Furthermore, MLIC has never identified any prejudice it would suffer if this action were dismissed.

## III. Conclusion

After reviewing the briefs and considering the arguments on this motion, the court grants Defendant Mungo's motion to dismiss the amended complaint. The court finds that Founders is a necessary and indispensable party to this action. The court has already found in the underlying case that Founders is a citizen of South Carolina for diversity purposes, so its joinder to this case would destroy diversity jurisdiction. Therefore, the court must

dismiss the complaint and will not analyze Mungo's arguments pursuant to Rule 12(b)(6), including the applicability of the arbitration agreement itself and of S.C. Code Ann. § 15-48-10(b)(4).

    IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

June 22, 2011                                   Joseph F. Anderson, Jr.
Columbia, South Carolina               United States District Judge